UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 95-CR-80930-1
                                                       Honorable Patrick J. Duggan

LATRINA MICHEL,

    Defendant.
_____/

## **OPINION AND ORDER**

Defendant pleaded guilty to one count of possession with intent to distribute heroin and, on August 15, 2006, this Court sentenced Defendant to a term of imprisonment of sixty-three (63) months. Presently before the Court is Defendant's Motion to Change Method by Which Balance of Sentence is Served, filed February 11, 2008. In her motion, Defendant asks the Court to order that the remaining term of her sentence be served in home confinement. For the reasons that follow, the Court denies Defendant's motion.

A district court is authorized to modify a defendant's sentence only in those instances where Congress has granted it jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582). As the Sixth Circuit Court of Appeals described those circumstances in finding that the trial court lacked jurisdiction to reduce a

defendant's sentence:

> Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed. R. Crim. P. 35, *see* 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2).

*United States v. Benjamin*, No. 97-2147, 1999 WL 685924, at *4 (6th Cir. 1999) (unpublished opinion) (Attachment A). Section 3582(c) also authorizes a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

In this case, the Bureau of Prisons has not requested a modification of Defendant's sentence, modification is not permitted under Federal Rule of Criminal Procedure 35,[1] and the guideline range has not been lowered. The only other statutory provision that Defendant cites to support her request for relief is 18 U.S.C. § 3553. While § 3553 has been interpreted to authorize a federal court to grant a motion for downward departure on

---

[1]Pursuant to Federal Rule of Criminal Procedure 35, the court may correct a sentence under limited circumstances but the court's jurisdiction to do so is limited to seven years (under subsection a) and one year (under subsection b). As Defendant was sentenced more than one year ago, Rule 35 does not grant this Court the authority to modify her sentence.

2

the grounds of unusual or extraordinary family circumstance and Defendant appears to be relying on her familial obligations to support a change to her sentence, courts have held that departures pursuant to this section "have 'only been sanctioned where the defendant is before the court for sentencing or re-sentencing. There is nothing in the statute or in the case law to suggest that the court may depart based on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal.'" *United States v. Savage*, No. CRIM A 03-94-GMS, 2006 WL 2946142, at *1 n.1 (D. Del. Oct. 13, 2006) (quoting *Bruno v. United States*, 2000 WL 1051850, at *3 (S.D.N.Y. July 31, 2000)) (Attachment B).

This Court therefore concludes that it lacks jurisdiction to modify Defendant's sentence.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Change Method by Which Balance of Sentence is Served is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Latrina Michel, #20811039
FMC Carswell
Federal Medical Center
P.O. Box 21737
Fort Worth, TX   76127

AUSA Wayne F. Pratt

# ATTACHMENT "A"

U.S. v. Benjamin
C.A.6 (Mich.),1999.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jeffery Corson BENJAMIN, Defendant-Appellant.
**No. 97-2147.**

Aug. 26, 1999.

Before SILER and GILMAN, Circuit Judges; GRAHAM,[FN*] District Judge.

FN* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

*ORDER*

**\*1** Jeffery Corson Benjamin, appellant herein, was one of twelve defendants indicted in the United States District Court for the Eastern District of Michigan for one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Benjamin was arraigned on February 10, 1997 and pleaded not guilty. A plea agreement signed by Benjamin on February 5, 1997 was filed with the court on March 19, 1997.

Benjamin entered a guilty plea pursuant to the plea agreement on April 17, 1997. The sentencing estimates incorporated in the plea agreement indicated that Benjamin was facing a sentence of twenty years to life, but that under the "safety valve" provisions, 18 U.S.C. § 3553(f) and United States Sentencing Guidelines

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

("U.S.S.G.") § 5C1.2, Benjamin would probably be placed in a total offense level of 29, criminal history category III, with a sentencing range of 87 to 108 months. The only binding sentencing limitation placed upon the court by the plea agreement was that Benjamin would not receive a sentence greater than the midpoint of the guideline range ultimately found to be applicable in his case.

The probation officer concluded in the final presentence report that Benjamin was at a total offense level of 27, criminal history I, resulting in a range of 70 to 87 months, and that Benjamin avoided a mandatory minimum sentence of 120 months due to qualifying under the "safety valve" provision in U.S.S.G. § 5C1.2. On September 18, 1997, the government filed a motion for downward departure under U.S.S.G. § 5K1.1 and recommended a sentence of 54 months. On October 9, 1997, the court sentenced Benjamin to a term of incarceration of 67 months.

Benjamin filed a notice of appeal on October 20, 1997. On December 17, 1997, Benjamin, who had retained new counsel, filed motions for bond pending appeal and for resentencing or, in the alternative, for leave to withdraw his guilty plea. Benjamin contended that government agents had promised him a sentence of ten years probation. On January 8, 1998, the trial court denied the motion for bond pending appeal, and denied the motion for resentencing or to withdraw the guilty plea on the ground that the court lacked jurisdiction to rule on that motion in light of the pending appeal.

Benjamin has raised six assignments of error. In the first three assignments of error, Benjamin contends that the district court did not adequately comply with the requirements of Fed.R.Crim.P. 11 in accepting his guilty plea.

The failure to strictly comply with the procedures contained in Rule 11 is subject to a harmless error analysis. Fed.R.Crim.P. 11(h). In determining whether the trial court properly accepted a defendant's plea, this court will review the totality of the circumstances, vacating the plea only where there is a variance from the required procedure and that variance affects a substantial right of the defendant. *United States v. Bashara,* 27 F.3d 1174, 1178-79 (6th Cir.1994), *cert. denied,* 513 U.S. 1115 (1995); *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*2** In the first assignment of error, Benjamin contends that the court should have made further inquiries about whether any additional promises were made to him and about his understanding as to the extent of a possible downward departure at the request of the government.

Where the parties have reached a plea agreement, Fed.R.Crim.P. 11(e)(2) mandates that "the court shall, on the record, require the disclosure of the agreement in open court[.]" The trial court in this case required such disclosure. Counsel for the government stated the terms of Benjamin's plea agreement on the record, and Benjamin, when asked by the court if the statement was "exactly what you understand your agreement to be," responded that it was. Jt.App., Vol. I, p. 119. Benjamin also acknowledged under oath that he had read and signed the agreement and that it included every promise or representation that the government had made. Jt.App., Vol. I., pp. 116-117. The trial court further inquired, "Do you understand that if you're relying on anything not written in here, you'll never get it enforced in this court, because the court relies on this written paper?", to which Benjamin responded affirmatively, Jt.App., Vol. I, p. 117.

The trial court complied with Rule 11(e)(2) by requiring the disclosure of any agreement between the parties on the record. Benjamin now contends, despite his earlier sworn statements, that he was promised a sentence of probation, and that the trial court should have made further inquiries. However, the parties have a duty under Rule 11(e)(2) to inform the court of the extent of their agreement. *United States v. Hernandez,* 79 F.3d 1193, 1194 (D.C.Cir.1996). Benjamin gave the trial court no notice that a more searching inquiry was warranted. *See United States v. Farley,* 72 F.3d 158, 164 (D.C.Cir.1995).

The trial court fully complied with the disclosure requirements of Rule 11(e)(2), and reversal on that ground is not warranted. The factual question of whether Benjamin was promised probation has not been developed in the record currently before this court. The issues of whether Benjamin was promised probation, and if so, whether this promise rendered his guilty plea involuntary, are properly left to proceedings on a petition filed under 28 U.S.C. § 2255.

Benjamin also argues that the trial court should have inquired further into his understanding as to the possible extent of a downward departure. The plea agreement in this case specified that the government reserved the right to make the sole determination as to whether the defendant had provided substantial

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

assistance, and that any motion filed by the government would be limited to a departure authorized by U.S.S.G. § 5K1.1 and would not include a motion for departure below the mandatory statutory minimum pursuant to 18 U.S.C. § 3553(e). The plea agreement further stated that the government retained the power to recommend how much of a departure there should be, but that the amount of the reduction, if any, would be determined by the court. Benjamin indicated at the Rule 11 proceeding that he had read the plea agreement and understood its terms. Jt.App., Vol. I, p. 117. He stated at the time of the plea that he was forty-three years old, and that he had "done some college." Jt.App., Vol. I, p. 109. He never told the court that he thought that a downward departure to a sentence of probation would be recommended. The trial court did not violate Rule 11 by failing to inquire further as to Benjamin's understanding of the scope of a possible downward departure.

**\*3** In his second assignment of error, Benjamin contends that the trial court did not adequately explain the ramifications of the language in the plea agreement whereby the parties agreed that "any sentence of incarceration shall not exceed the midpoint of the sentencing guideline range that the court finds to be applicable." This language amounted to a sentencing recommendation under Fed.R.Crim.P. 11(e)(1)(C) which was binding on the court. This agreement was placed on the record at the plea proceedings. Benjamin stated that he had read the plea agreement and that he fully understood it. He does not suggest how the trial court could have made his understanding of this provision any clearer. The trial court followed this binding sentencing recommendation by sentencing Benjamin below the midpoint of the applicable guideline range. This assignment of error is without merit.

Benjamin argues in his third assignment of error that the trial court did not adequately advise him that the court was not bound by any requested downward departure by the government. As noted above, the plea agreement stated that the extent of any downward departure was a matter for the trial court to determine, and Benjamin indicated he fully understood the plea agreement. Benjamin was adequately informed that the amount of the reduction for substantial assistance was for the trial court to determine.

Benjamin correctly notes that the trial court failed to advise him that if the court did not follow the government's § 5K1.1 recommendation for the amount of a downward departure, he would have no right to withdraw his guilty plea.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

If the plea agreement includes a sentencing recommendation under Fed.R.Crim.P. 11(e)(1)(B) which is not binding on the court, "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea."Fed.R.Crim.P. 11(e)(2). This circuit has thus far declined to determine whether a recommendation for a downward departure is a "particular" sentence entered pursuant to (e)(1)(B), thereby triggering the (e)(2) warning requirement. *See United States v. Lowery,* 60 F.3d 1199, 1206 (6th Cir.1995). The Eighth Circuit has expressed doubt that a § 5K1.1 recommendation falls within the (e)(2) warning requirement, *see United States v. McCarthy,* 97 F.3d 1562, 1575 (8th Cir.1996), and the Ninth Circuit has concluded that the (e)(2) warning requirement does not apply to § 5K1.1 motions, *see United States v. Uba,* 103 F.3d 143, 1996 WL 717103 (unreported) (9th Cir.1996).

Even assuming that the Rule 11(e)(2) warning requirement is applicable to § 5K1.1 motions, the failure to give such a warning may be harmless error.*McCarthy,* 97 F.3d at 1575,*Lowery,* 60 F.3d at 1206. Here, the plea agreement provided that "the amount of a reduction, if any, will be determined by the court."The plea agreement further provided that the "court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement."This language is the equivalent of the warning required under Rule 11(e)(2). Benjamin acknowledged at the Rule 11 proceedings that he had read the plea agreement and that he fully understood it. Under these circumstances, the failure of the trial court to give the Rule 11(e)(2) warning is harmless error. *See McCarthy,* 97 F.3d at 1576 (finding harmless error where the plea agreement contained language of Rule 11(e)(2) warning and defendant indicated that he had read and understood the plea agreement). The third assignment of error is without merit.

**\*4** Benjamin's fourth, fifth and sixth assignments of errors concern his motion to withdraw his guilty plea. In his fourth assignment of error, Benjamin argues that government agents promised him a sentence of ten years probation in exchange for his assistance, and that he is entitled to specific performance of this promise. In the fifth assignment of error, Benjamin contends that the trial court erred in failing to resentence him or to permit him to withdraw his guilty plea, and in not conducting an evidentiary hearing on his motion to withdraw his plea. In the sixth assignment of error, Benjamin contends that he should be permitted to withdraw his plea based upon alleged improper conduct on the part of government counsel, including the fact that government counsel allegedly contacted him on two occasions without his attorney being present.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The trial court correctly found that it lacked jurisdiction to consider these matters. Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed.R.Crim.P. 35, *see* 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline sentencing range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2). None of those factors is applicable here, and the trial court lacked jurisdiction to resentence Benjamin.

The trial court also properly declined to consider Benjamin's motion to withdraw his guilty plea on the basis of lack of jurisdiction. Fed.R.Crim.P. 32(e) (formerly designated as Rule 32(d)) provides that after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." *See also United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* 508 U.S. 943 (1993)(after sentencing, guilty plea can be set aside only on direct appeal or via a § 2255 motion); *United States v. Davis,* 954 F.2d 182, 184 (4th Cir.1992)(same). After sentencing, a district court lacks jurisdiction to rule on a motion to set aside a guilty plea. *Farley,* 72 F.3d at 162; *United States v. Baker,* 790 F.2d 1437, 1438 (9th Cir.1986). This court also lacks jurisdiction to consider the merits of Benjamin's motion to withdraw his guilty plea. *Baker,* 790 F.2d at 1438. The trial court properly denied Benjamin's motion for resentencing or to withdraw his guilty plea without conducting an evidentiary hearing. The claims in Benjamin's fourth through sixth assignments of error must be asserted in a § 2255 petition. Assignments of error four through six are denied.

**\*5** Accordingly, the judgment and commitment order entered on October 9, 1997 and the order of January 8, 1998 denying the motion for resentencing or for withdrawal of guilty plea on the basis of lack of jurisdiction are hereby AFFIRMED.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# ATTACHMENT "B"

U.S. v. Savage
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
UNITED STATES OF AMERICA, Plaintiff,
v.
Tyrone SAVAGE, Defendant.
**No. CRIM A 03-94-GMS.**

Oct. 13, 2006.

Ferris W. Wharton, U.S. Attorney's Office, Wilmington, DE, for Plaintiff.
Penny Marshall, Federal Public Defender's Office, Wilmington, DE, for Defendant.

*MEMORANDUM ORDER*

SLEET, J.

I. BACKGROUND

**\*1** In June 2005, the court sentenced the defendant, Tyrone Savage ("Savage"), to a total of 120 months imprisonment, followed by a three years of supervised release. (D.I.33.) The Court of Appeals for the Third Circuit affirmed Savage's sentence. (D.I.44.)

In August 2006, Savage filed the pending "motion for downward departure for consideration to a federal halfway house placement in a CCC under 5H1.1, extraordinary family circumstances."(D.I.45.) Savage asks the court to consider transferring him to federal halfway house in Philadelphia, which is closer to his son, because his son's mother has become addicted to crack cocaine. Savage also states that his son has become

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

involved in drug activities.

II. DISCUSSION

The sole authority cited by Savage for his request for a transfer to a federal community corrections center is "5H1.6." The court presumes that Savage is referring to United States Sentencing Guideline 5H1.6, which is only applicable when a defendant is before the court for sentencing. Given that Savage has already been convicted and sentenced, and that the Third Circuit has affirmed his sentence, the court liberally construes Savage's motion to be a motion for modification of imposed sentence pursuant to 18 U.S.C. § 3582 or, alternatively, a motion for transfer to a federal community corrections center filed pursuant to 28 U.S.C. § 2241.

A. Motion for Modification of Imposed Sentence Pursuant to 18 U.S.C. § 3582

A federal district court's authority to modify a defendant's previously imposed sentence pursuant to 18 U.S.C. § 3582 is limited to three situations: (1) where the Director of the Bureau of Prisons moves to reduce the term of imprisonment, and, after considering the factors delineated in 18 U.S.C. § 3553(a), the court concludes that a reduction is warranted; (2) where the reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where the defendant was sentenced pursuant to a sentencing range that has subsequently been lowered by the Sentencing Commission. Here, the court does not have jurisdiction to modify Savage's sentence as requested because the Director of the Bureau of Prisons did not file the instant motion, Savage was not sentenced pursuant to a sentencing guideline that has subsequently been reduced, and the reduction is not expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.[FN1] *See* 18 U.S.C. § 3582(c)(1)(A),(B) and (2); Fed.R.Crim.P. 35. Accordingly, the court will deny the motion to the extent is asserted pursuant to 18 U.S.C. § 3582.

> FN1. Even though 18 U.S.C. § 3553 has been interpreted to authorize a federal court to grant a motion for downward departure on the grounds of unusual or extraordinary family circumstances, such departures have "only been sanctioned where the defendant is before the court for sentencing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

or re-sentencing. There is nothing in the statute or in the case law to suggest that the court may depart based on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal." *Bruno v. United States,* 2000 WL 1051850, at *3 (S.D.N.Y. July 31, 2000); *see also United States v. Medley,* 168 F.Supp.2d 293, 297 (D.Del.2001)(a court can only consider post-conviction rehabilitation in support of a motion for downward departure only upon initial sentencing or re-sentencing for other reasons); *United States v. Dominguez,* 296 F.3d 192 (3d Cir.2002)(discussing a district court's discretion to depart downward on the basis of unusual family circumstances). Savage is not before the court for sentencing or re-sentencing, and he has already appealed his sentence. Therefore, the court cannot grant the requested relief on the basis of 18 U.S.C. § 3553.

Additionally, Federal Rule of Criminal Procedure 35(a) does not apply because Savage does not allege an arithmetical or technical error, and more than 7 days have passed since his sentence was imposed. Rule 35(b) does not apply because the Government did not file a motion to reduce the sentence due to substantial assistance.

B. Motion for Transfer to a Community Corrections Center Pursuant to 28 U.S.C. § 2241

Given the court's duty to liberally construe documents filed by *pro se* litigants, the court alternatively considers Savage's motion as a habeas petition filed pursuant to 28 U.S.C. § 2241.[FN2] However, it is well-settled that a federal prisoner's § 2241 petition must be filed in the district of confinement that has jurisdiction over the petitioner's custodian. *Rumsfeld v. Padilla,* 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see United States v. Jack,* 774 F.2d 605, 607 n. 1 (3d Cir.1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement); *Dupee v. United States,* 2002 WL 31831388, at *1 (E.D.Pa. Dec.11, 2002). At the present time, Savage is incarcerated at USP Hazelton in Bruceton Mills, West Virginia, and the court does not have jurisdiction over the warden at that facility. Therefore, to the extent Savage's motion is a habeas request under § 2241, the court summarily dismisses it for lack of jurisdiction.[FN3] *See* Rule 4, 28 U.S.C. foll. § 2254.

> FN2. The Third Circuit recently held that a federal prisoner's challenge to the Bureau of Prison's ("BOP") decision regarding his placement in a community corrections center was cognizable on habeas review under 28 U.S.C. § 2241. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241-44

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(3d Cir.2005). The court acknowledges that Savage is not challenging a BOP decision. Nevertheless, Savage's motion does request a change in the type of detention, and "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001). Thus, for the purposes of this Memorandum Order, and given the court's ultimate decision to dismiss the motion, the court will assume without deciding that Savages has stated a claim under 28 U.S.C. § 2241.

FN3. The court also concludes that transferring the petition to the district court with jurisdiction over Savage's warden would not be in the interest of justice. *See* 28 U.S.C. § 1631. Pursuant to 18 U.S.C. § 3621(b) and judicial interpretations of that statute, only the Federal Bureau of Prisons has the authority to transfer a federal prisoner to a community confinement center. *See* 18 U.S.C. § 3621(b); *United States v. Shipley,* 286 F.Supp.2d 499, 500 (W.D.Pa.2003). Here, Savage has not indicated if he presented his transfer request to the Federal Bureau of Prisons, suggesting that his request may be premature at this point in time. *See, e.g., Quezadaruiz v. Nash,* 2005 WL 1398503, at *3 (D.N.J. Jun.14, 2005); *Serafini v. Dodrill,* 325 F.Supp.2d 535, 536 (M.D.Pa.2004); *Gambino v. Gerlinski,* 96 F.Supp.2d 456 (M.D.Pa.2000).

III. CONCLUSION

***2** At Wilmington this *12th* day of *Oct.,* 2006, for the reasons explained above;

IT IS ORDERED that:

Tyrone Savage's motion for transfer to a federal halfway house is DENIED. (D.I.45.)

D.Del.,2006.
U.S. v. Savage

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 2946142 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.